## WEICHSLER v. INSKY.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

LANDLORD AND TENANT (§ 184*)—DEPOSITS OF SECURITY—RIGHT TO RECOVER.
    Where a tenant, who made a deposit with the landlord for the faithful performance of all covenants and conditions in the lease, was evicted upon summary proceedings, brought for nonpayment of one month's rent, he is entitled to recover the deposit, less the rent in arrear, unless the landlord shows other damages; the lease having been terminated by the summary proceedings.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743-750; Dec. Dig. § 184.*]
    Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Jacob F. Weichsler against Sol Insky. From a judgment entered upon dismissal of the complaint, plaintiff appeals. Reversed and remanded.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob Rieger, of New York City, for appellant.
Horace London, of New York City, for respondent.

LEHMAN, J. The plaintiff alleges the making of a lease wherein it was provided:

"That this plaintiff has deposited on the said 4th day of January, 1912, the sum of seven hundred (700) dollars as security for the faithful performance of all the covenants and conditions contained in the said lease on his part to be performed, which amount, together with interest at the rate of three (3) per cent. per annum, said defendant herein promised to return to the plaintiff at the expiration of the said lease, and which said sum of seven hundred (700) dollars this plaintiff did so pay over to the said defendant."

The plaintiff further alleges that the lease was terminated by summary proceedings brought for the nonpayment of one month's rent, and he brings this action to recover the amount of the deposit less the one month's rent.

At the trial, the trial justice dismissed the complaint, because the plaintiff failed to allege compliance with the covenants and conditions of the lease. It seems to me that this dismissal of the complaint was clearly erroneous. The complaint alleges a deposit as "security," and the defendant has no right to withhold the sum deposited, after the lease has been terminated, unless he proves damages to the amount of the security. The plaintiff obviously cannot prove, even if he had alleged, that he complied with the covenants and conditions of the lease, because concededly the plaintiff has not paid the rent. If we hold that the plaintiff is required to allege and prove compliance with the terms of the lease, the effect of such a decision would be to prevent the plaintiff from recovering if he has breached the lease in any respect, thus in effect making a deposit given only as security liquidated damages.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

BIJUR, J. I dissent. The mere fact that the plaintiff, by depositing with the defendant security for the performance of certain acts by the plaintiff, has put himself in such position that he cannot recover his deposit without proving performance of the acts secured, is no reason why he should be relieved from either pleading or proving such performance. If he has not performed, and the damage is capable of liquidation, an appropriate allegation will enable him to recover the balance.